Attorney Bradley W. Matthiesen
Matthiesen, Wickert & Lehrer, S.C.
1111 E. Sumner Street
PO Box 270670
Hartford, WI 53027
State Bar No. 031553
Facsimile: (262) 673-3766
Email: bmatthiesen@mwl-law.com
Telephone: (262) 673-7850

*Attorney for Plaintiff, CIGNA Healthcare, Inc., as administrator of the Speedy Gonzalez Construction, Inc. Employee Welfare Benefit Plan*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CIGNA Healthcare, Inc., as a fiduciary and assignee of the Speedy Gonzalez Construction, Inc. Employee Welfare Benefit Plan,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO LUGO, individually, and FRIEDL RICHARSON, P.C.,<br><br>Defendants. | Case No. _____ |

COMES NOW, Plaintiff, CIGNA Healthcare, Inc., ("CIGNA") as a fiduciary and assignee of the Speedy Gonzalez Construction, Inc. Employee Welfare Benefit Plan ("Plan"), and files this Complaint against Robert Lugo ("Defendant Lugo"), and Friedl Richardson, P.C. ("Friedl Richardson") and states to the Court as follows:

## INTRODUCTION

1.    This is an action under Section 502(a)(3) of the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) to enforce the terms of the Plan and to obtain appropriate equitable relief to remedy violations of the Plan, which is a self-funded employee welfare benefits plan within the meaning of 29 U.S.C. § 1002(1).

2. The Plan includes provisions relating to recovery rights, including rights to full reimbursement, in the event the Plan pays benefits on behalf of a Plan participant and the participant later recovers from a potentially liable or legally responsible party.

3. The Plan paid $103,963.18 in benefits on behalf of Defendant Lugo since May 5, 2021, for injuries he received for which he sought damages from the liable or legally responsible party.

4. Upon information and belief, Defendant Lugo entered into a settlement whereby the liable or legally responsible party agreed to pay Defendant Lugo an undisclosed amount, through his attorney and agents.

5. Defendant Lugo refuses to reimburse the Plan for benefits the Plan paid on his behalf.

6. Consequently, CIGNA seeks: (i) an order preventing further dissipation of the settlement proceeds and to maintain the status quo pending this Court's determination of the Plan's recovery rights; and (ii) equitable relief in the form of a constructive trust and/or equitable lien in the amount of $103,963.18, funds in the possession or constructive possession of the Defendants that rightfully belong to the Plan.

**JURISDICTION AND VENUE**

7. This action arises under Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3). This Court has exclusive jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

8. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in the District of Arizona because the Plan is administered in Phoenix Arizona which is located within this district and process may be served in any other district where a defendant resides or may be found.

**PARTIES**

9. Cigna Healthcare Inc. ("Cigna") is a limited fiduciary of the Speedy Gonzalez Construction, Inc. Employee Welfare Benefit Plan in regards to subrogation and recovery rights brings this Complaint against the Defendants to enforce the terms of the Plan in its capacity as fiduciary and assignee of the Plan.

10. Cigna is delegated with authority from the Plan to bring this action pursuant to 29 U.S.C. 1132(a)(3).[1]

11. Plaintiff is authorized to bring this action on behalf of all Plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. § 1132(a)(3) and federal common law.

---

[1] The Administrative Services Contract states that "For purpose of subrogation and right of recovery, [CIGNA] will have the sole right to make claims under the Subrogation and Right of Recovery Provision contained in the Plan. In its sole discretion, the Company may litigate, negotiate, settle, compromise, release or waive any such claim. [The Plan] hereby assigns to [CIGNA] all of its rights to make, litigate, negotiate, settle, compromise, release or waive any such claim."

3

12.     At all times relevant, Defendant Lugo was a participant in the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). Upon information and belief, Defendant Lugo resides in Maricopa County, Arizona.

13.     Friedl Richardson P.C. is an Arizona professional corporation that represents the interests of Defendant Lugo for a claim seeking damages for personal injuries sustained by Defendant Lugo and is in actual possession of funds belonging to the Plaintiff.

14.     Friedl Richardson P.C. is an Arizona citizen and may be personally served at 13633 N Cave Creek Rd, Phoenix, AZ 85022

15.     Defendant Friedl Richardson is a necessary party to this litigation as it is a trustee of the disputed recovery funds, and is in actual and/or constructive control of the funds named as a Defendant to ensure that full relief may be granted in accordance with the prayer for relief.

## FACTUAL ALLEGATIONS

16.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 15 of the Complaint as if each paragraph were fully set forth herein.

17.     At all times relevant to this Complaint, Defendant Lugo was a participant and covered person under the terms of the Plan.

18.     The Plan is a self-funded welfare benefits plan, as defined in 29 U.S.C. 1002(1), that provides certain medical and other benefits to its Plan members.

19.     On or about May 5, 2021, Defendant Lugo was involved in an incident

4

that caused his injuries.

20. Representatives for the Plan placed Defendants on notice of the Plan's right to recover the benefits advanced on behalf of Defendant Lugo due to his May 5, 2021 incident.

21. The amount of benefits the Plan paid on behalf of Defendant Lugo since May 4, 2021, is approximately $ 103,963.18.

22. After the incident, Defendant Lugo sought to recover damages from the party or parties responsible for causing his injuries in connection with the incident.

23. The Plan includes provisions relating to recovery rights in the event the Plan pays benefits on behalf of a participant and the participant later recovers from any party whose conduct or action caused or contributed to the loss for which payment was made by the Plan.

24. With regard to recovery rights, the Plan provides, in relevant part:

■ **Subrogation/Right of Reimbursement**

**If a Participant incurs a covered expense for which, in the opinion of the Plan or its claim administrator, another party may be responsible or for which the Participant may receive payment as described above:**

**Subrogation:** The Plan shall, to the extent permitted by law, be subrogated to all rights, claims or interests that a Participant may have against such party and shall automatically have a lien upon the proceeds of any recovery by a Participant from such party to the extent of any benefits paid under the Plan. A Participant or his/her representative shall execute such documents as may be required to secure the Plan's subrogation rights.

**Right of Reimbursement:** The Plan is also granted a right of

5

reimbursement from the proceeds of any recovery whether by settlement, judgment or otherwise. This right of reimbursement is cumulative with and not exclusive of the above subrogation right, but only to the extent of the benefits provided by the Plan.

■ **Lien of the Plan**

By accepting benefits under this Plan, a Participant:

grants a lien and assigns to the Plan an amount equal to the benefits paid under the Plan against any recovery made by or on behalf of the Participant which is binding on any attorney or other party who represents the Participant whether or not an agent of the Participant or of any insurance company or other financially responsible party against whom a Participant may have a claim provided said attorney, insurance carrier or other party has been notified by the Plan or its agents. agrees that this lien shall constitute a charge against the proceeds of any recovery and the Plan shall be entitled to assert a security interest thereon. agrees to hold the proceeds of any recovery in trust for the benefit of the Plan to the extent of any payment made by the Plan.

■ **Additional Terms**

No adult Participant hereunder may assign any rights that it may have to recover medical expenses from any third party or other person or entity to any minor Dependent of said adult Participant without the prior express written consent of the Plan. The Plan's right to recover shall apply to decedents', minors', and incompetent or disabled persons' settlements or recoveries.

No Participant shall make any settlement, which specifically reduces or excludes, or attempts to reduce or exclude, the benefits provided by the Plan.

The Plan's right of recovery shall be a prior lien against any proceeds recovered by the Participant. This right of recovery shall not be defeated nor reduced by the application of any so-called "Made-Whole Doctrine,"

6

"Rimes Doctrine" or any other such doctrine purporting to defeat the Plan's recovery rights by allocating the proceeds exclusively to non-medical expense damages.

No Participant hereunder shall incur any expenses on behalf of the Plan in pursuit of the Plan's rights hereunder, specifically; no court costs, attorneys' fees or other representatives' fees may be deducted from the Plan's recovery without the prior express written consent of the Plan. This right shall not be defeated by any so-called "Fund Doctrine," "Common Fund Doctrine" or "Attorney's Fund Doctrine".

The Plan shall recover the full amount of benefits provided hereunder without regard to any claim of fault on the part of any Participant, whether under comparative negligence or otherwise.

The Plan hereby disavows all equitable defenses in the pursuit of its right of recovery. The Plan's subrogation or recovery rights are neither affected nor diminished by equitable defenses.

In the event that a Participant shall fail or refuse to honor its obligations hereunder, then the Plan shall be entitled to recover any costs incurred in enforcing the terms hereof including, but not limited to, attorney's fees, litigation, court costs and other expenses. The Plan shall also be entitled to offset the reimbursement obligation against any entitlement to future medical benefits hereunder until the Participant has fully complied with his/her reimbursement obligations hereunder, regardless of how those future medical benefits are incurred.

Any reference to state law in any other provision of this Plan shall not be applicable to this provision, if the Plan is governed by ERISA. By acceptance of benefits under the Plan, the Participant agrees that a breach hereof would cause irreparable and substantial harm and that no adequate remedy at law would exist. Further, the Plan shall be entitled to invoke such equitable remedies as may be necessary to enforce the terms of the Plan, including but not limited to, specific performance, restitution, the

imposition of an equitable lien and/or constructive trust, as well as injunctive relief.

Participants must assist the Plan in pursing any subrogation or recovery rights by providing requested information.

25.    On March 7, 2024, Defendant Friedl Richardson sent correspondence to Conduent, the Plan's subrogation vendor, advising that the underlying case settled, that funds were being held in trust, and the funds would be held for ninety days.

26.    Representatives for the Plan discussed the lien with attorney Tommy Richardson on May 20, 2024.

27.    Attorney Tommy Richardson advised counsel for the Plan that the Plan was not self-funded and he would not be reimbursing the Plan, but that he would accept service on the Defendant Lugo's behalf.

28.    The Defendants settled their third-party claim and refuse to acknowledge the Plan's first priority reimbursement claim and instead contend that the Plan is not self-funded and therefore not entitled to reimbursement.

29.    Immediately upon the receipt of the undisclosed recovery funds, the Plan was entitled to the settlement proceeds in the amount of $103,963.18.

30.    There is a substantial likelihood that the Plan will prevail on the merits, as the language of the Plan is clear and unambiguous as to the Plan's right to be reimbursed from the identifiable recovery proceeds in the possession or constructive possession of the Defendants.

//

//

8

## COUNT I

### CLAIMS FOR RELIEF UNDER 29 U.S.C. § 1132(a)(3)

31.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 30 of the Complaint as if each paragraph were fully set forth herein.

32.     The Plan maintains a right of reimbursement from Defendant Lugo's recovery proceeds in the amount of $103,963.18.

33.     Plaintiff maintains enforceable recovery rights per the terms of the Plan against the Defendants in the form of a constructive trust or equitable lien to the extent the Defendants have possession or constructive possession of recovery proceeds in an amount equal to the benefits paid by the Plan on behalf of Defendant Lugo.

34.     Defendants are in possession or constructive possession of the $103,963.18 recovery funds in dispute and such proceeds are Plan assets pursuant to the Plan terms and 29 U.S.C. § 1002(21)(A)(i).

35.     If Defendants are able to place the settlement proceeds beyond the reach of this Court, Defendants may deprive this Court of the ability to impose the appropriate equitable remedy.

36.     The Plan has been harmed because the Defendants failed to act in accordance with the clear and unambiguous terms of the Plan.

37.     Although Plaintiff has requested that Defendants reimburse the Plan, Defendants have refused to turn over the portion of the settlement proceeds as

9

required per the terms of the Plan.

38.     Defendants' refusal violates the terms of the Plan and ERISA.

39.     Plaintiff is entitled to equitable relief in the form of a constructive trust or equitable lien by agreement to the disputed funds controlled by the Defendants.

40.     CIGNA as a fiduciary and assignee of the Speedy Gonzalez Construction, Inc. Employee Welfare Benefit Plan, therefore, seeks all appropriate equitable relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to enforce the terms of the Plan.

## COUNT II

## DECLARATORY RELIEF ACCORDING TO 28 U.S.C. § 2201

41.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 40 of the Complaint as if each paragraph were fully set forth herein.

42.     The Plan has an enforceable right to reimbursement for medical benefits paid on behalf of Defendant Lugo from any and all recovery fund(s) he has received for his injuries.

43.     The Plan has attempted to enforce its right to reimbursement by asserting a lien on any recovery proceeds received by Defendant Lugo.

44.     Defendants have refused to honor the Plan's reimbursement interest to the recovery funds in their possession.

45.     Defendants' continued refusal to honor the terms of the Plan, and continued actions that prejudice the Plan's right of reimbursement are violations of

10

Plan terms and ERISA.

46.    The Plaintiff seeks a declaratory judgment from the Court construing the subrogation and reimbursement provisions within the Plan and the inapplicability and ERISA preemption of the "make-whole," "common fund" or any state law doctrines that purport to defeat the Plan's interest in the recovery funds.

47.    The Plaintiff seeks a declaratory judgment from the Court that the Plan is entitled to first priority reimbursement in the amount of benefits paid on behalf of Defendant Lugo from the proceeds of any settlement(s) with the responsible third party(ies) that Defendant Lugo has received for his injuries.

## COUNT III

## ATTORNEY FEES PURSUANT TO ERISA § 1132(g)(1)

48.    Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 47 of Plaintiff's Complaint as if each paragraph were fully set forth herein.

49.    Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g).

50.    Plaintiff is entitled to attorneys' fees pursuant to the terms of the Plan:

> In the event that a Participant shall fail or refuse to honor its obligations hereunder, then the Plan shall be entitled to recover any costs incurred in enforcing the terms hereof including, but not limited to, attorney's fees, litigation, court costs and other expenses.

## PRAYER FOR RELIEF

WHEREFORE, CIGNA Healthcare, Inc., as fiduciary and assignee of the

11

Speedy Gonzalez Construction, Inc. Employee Welfare Benefit Plan, respectfully requests the following relief:

a)    The imposition of an in rem constructive trust and/or equitable lien by agreement in favor of the Plan upon the proceeds of any recovery funds in the possession of Defendants up to the amount of $ 103,963.18 plus accrued interest, representing the full amount of payments made by the Plan on behalf of Defendant Lugo;

b)    A declaration of the Plan's ownership of the above-referenced recovery funds up to the amount of $ 103,963.18 plus accrued interest representing the full amount of payments made by the Plan on behalf of Defendant Lugo from his recovery funds;

c)    An order enjoining the Defendants from transferring or disposing of any recovery funds which would prejudice, frustrate, or impair Plaintiff's ability to recover same;

d)    An order directing the Defendants to turn over the proceeds of any and all recovery funds in the amount of $103,963.18 plus accrued interest representing the full amount of payments made by the Plan on behalf of Defendant Lugo from his recovery;

e)    Other and further equitable relief to which the Plaintiff may be entitled, including but not limited to specific performance, which may be necessary for the Defendants to comply with this Court's orders and obligations under the terms of the Plan;

12

f)      Awarding Plaintiff pre-and post-judgment interest, costs, and attorneys' fees; and

g)      Any other relief as this Court may deem just and proper.

Dated this 4th day of June, 2024.

Respectfully Submitted,

/s/ Brad Matthiesen
Brad Matthiesen
(Arizona Bar No. 031553)
MATTHIESEN, WICKERT & LEHRER, S.C.
1111 E. Sumner Street
Hartford, WI 53027
Telephone: (262) 673-7850
Fax: (262) 673-3766
bmatthiesen@mwl-law.com


Nancy A. Case
MATTHIESEN, WICKERT & LEHRER, S.C.
1111 E. Sumner Street
Hartford, WI 53027
Telephone: (262) 673-7850
Fax: (262) 673-3766
ncase@mwl-law.com
*Pro Hac Vice to be filed

Attorneys for Plaintiff, CIGNA Healthcare, Inc., as administrator of the Speedy Gonzalez Construction, Inc. Employee Welfare Benefit Plan

13